IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GEORGE TREVINO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>PIPE PROS, LLC, and GARY EDWARDS & MANDO VALDEZ, individually,<br><br>*Defendants*. | Civil Action No. 2:17-cv-34<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff George Trevino ("Plaintiff"), individually and on behalf of all others similarly situated, files this Original Complaint against Gary Edwards and Mando Valdez ("Individual Defendants"), and Pipe Pros, LLC ("Pipe Pros") (all collectively, "Defendants"), and in support states the following:

1. Defendants provide casing, tubing maintenance, and other oilfield services to oilfield customers. Defendants employ Plaintiff and workers to provide these services to customers in the field at jobsites ("Field Workers"), but fail to pay them in compliance with the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA").

2. Plaintiff and other Field Workers regularly worked in excess of 80 hours per week during the relevant time period, but Defendants failed to pay them overtime for hours worked in excess of 40 each workweek. Instead of paying Oilfield Workers overtime, Defendants paid Plaintiff and other Field Workers on a hybrid salary plus hourly non-discretionary bonus[1] ("Field Bonus") basis that denied them overtime compensation. This suit seeks to collect the wages and

---

[1] Defendants paid this job bonus for every hour worked by Plaintiff and other Field Workers for every hour they worked in the field.

**ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT** Page - 1

damages owed to Plaintiff and other Field Workers paid on a salary basis that received a Field Bonus who worked for Defendants over the past three years.

## II. PARTIES

3. Plaintiff is a resident of Alice, Texas, who worked for Defendants as a Field Worker, including as a Casing Running Tools ("CRT") Technician and Torque Turn Technician, from approximately March 2007 to April 2016. Plaintiff's consent to participate in this lawsuit is attached as Exhibit A to this Complaint.

4. The Plaintiff and "FLSA Class Members" consist of Defendants' current and former employees paid on a salaried basis that received an hourly bonus for performing hydraulic fracturing, casing, coil tubing, flow back, drilling or sand blasting work[2] at customer job sites[3] over the last three years. This definition specifically excludes all employees who filed consents to join *Gonzalez v. Pipe Pros*, *LLC*, No. 2:15-cv-65 (S.D. Tex. Jan. 29, 2015) and *Scogin v. Pipe Pros*, *LLC*, No. 2:15-cv-359 (S.D. Tex. Aug. 22, 2016).

5. Defendant Pipe Pros is a Texas limited liability company that may be served through its registered agent, Robert Horton, 100 Crescent Court, Suite 800, Dallas, Texas 75201, or wherever he may be found.

6. Defendant Gary Edwards is the president of Pipe Pros and may be served at 253 Carmel Drive, Sandia, Texas 78383, or wherever he may be found.

7. Defendant Mando Valdez is the vice president of Pipe Pros and may be served at 14918 Santa Gertrudis Drive, Corpus Christi, Texas 78410, or wherever he may be found.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims because Plaintiff asserts an FLSA claim arising under federal law.

---

[2] *See* Exhibit B, ¶8 (affidavit of Defendant Gary Edwards).
[3] *See* Exhibit B, ¶9 (affidavit of Defendant Gary Edwards).

9. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District and because one or more parties resides in this District. Specifically, Plaintiff resides in this District and the work he performed giving rise to these claims occurred in this District.

## IV. FLSA COVERAGE FACTS

10. At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendants constituted employers or joint employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

13. Defendants operate or have operated in interstate commerce, by among other things, dispatching labor and equipment to states including Texas and Louisiana. Plaintiff and other Field Workers handled oilfield tools and equipment that moved in interstate commerce during their employment.

## V. FACTUAL ALLEGATIONS

14. Plaintiff incorporates all of the allegations previously made in this Complaint. Plaintiff brings his collective action allegations individually and on behalf of those similarly situated pursuant to the FLSA.

15. Defendants have been in the business of providing casing, tubing maintenance, and other oilfield services over the last three years. The Individual Defendants are officers of the Pipe Pros during the relevant time period and have joint employer liability based on their exertion of operational control over Pipe Pros during the relevant time period. The Individual Defendants exerted operational control over Pipe Pros by making hiring and firing decisions,

establishing pay rates, determining methods of payment and compensation policies and practices, and controlling/establishing company rules. The Individual Defendants additionally have responsibility for the specific FLSA violations at issue because they implemented and enforced the salary plus Field Bonus pay policy.

16. Defendants employ Field Workers to perform casing, tubing and maintenance, and other oilfield services for customers at job sites, but fail to properly pay them overtime pursuant the FLSA. Plaintiff and the Class Members duties consist of non-exempt, blue-collar work involving technical and manual labor: They performed manual and technical labor to perform fracturing, casing, coil tubing, flow back, drilling and/or sand blasting work at customer job sites. Plaintiff and the Class Members did not determine employees' work schedules, have hiring or firing power, or exercise independent discretion or judgment in regards to matters of significance. Rather, Defendants predetermined virtually every job function of the Class Members, including the tools they used at job sites, work duties, and their schedule of work. Defendants prohibited Field Workers from varying their job duties outside of the set parameters. Moreover, the job functions of the Class Members were primarily manual in nature and required little to no official training—nonetheless a college or advanced degree.

17. Plaintiff and Class Members regularly worked over 80 hours per week and Defendants allowed and required them to do so. Instead of paying Field Workers proper overtime for working in excess of 40 hours per week, Defendants paid Plaintiff and Class Members on a salary plus Field Bonus basis that failed to pay them overtime compensation for all hours worked over 40 per week.

18. Defendants knew about the FLSA's overtime requirements, but chose not to pay Plaintiff or Class Members overtime in compliance with the law. Defendants knowingly,

willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and Class Members overtime compensation.

## VI. COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

19. Plaintiff incorporates all of the allegations previously made in this Complaint.

20. During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## VII. RELIEF SOUGHT

21. WHEREFORE, Plaintiff, individually and on behalf of FLSA Class Members, prays for relief against Defendants as follows in regards to his FLSA collective action claims:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

    b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**
*Attorney in Charge*
SD Bar No. 21134
State Bar No. 00793380
**J. FORESTER**
SD Bar No. 2657413
State Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
*Co-Attorney in Charge*
State Bar No. 24070621
Siegel Law Group PLLC
10440 N. Central Expy., Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.4overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

s/ <i>J. Derek Braziel</i><br>
<b>J. DEREK BRAZIEL</b>